UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
RICCO DEVON SLADE,                                                      :
:
                         Plaintiff,                              :               24-CV-0514 (JMF)
:
           -v-                                                    :               <u>ORDER OF SERVICE</u>
:
CITY OF NEW YORK, et al.,                                               :
:
                        Defendants.                            :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff, who is currently incarcerated at Auburn Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. By Order dated February 16, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees.[1] Plaintiff is therefore entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process [where an incarcerated plaintiff has been granted permission to proceed without prepayment of fees]."); Fed. R. Civ. P. 4(c)(3).

       To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to issue summonses, fill out a U.S. Marshals Service Process Receipt

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

and Return (Form USM-285) for each Defendant, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants. The Clerk of Court is further instructed to mail Plaintiff an information package.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the *pro se* plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the court (and therefore cannot, among other things, accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit). To receive limited-scope assistance from the clinic, Plaintiff should make an appointment by completing the CBJC's online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

The Clerk of Court is instructed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: September 30, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge