24 Civ. 514 (JMF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICCO D. SLADE,

                                                  Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                                                  Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE AMENDED COMPLAINT**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Joseph Zangrilli*
*Tel: (212) 356-2657*
*Matter No.: 2024-064071*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 1

LEGAL STANDARD .................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

       THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE HHC IS THE PROPER DEFENDANT FOR CLAIMS ARISING FROM TREATMENT AT BELLEVUE HOSPITAL ........................................... 3

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**                                                               **Pages**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)..................................................................................................2

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..................................................................................................2

Binyard v. City of New York,
    151 A.D.2d 712 (2d Dept. 1989) ..............................................................................4

Brennan v. City of New York,
    59 N.Y.2d 791 (1983) ..............................................................................................3

Brennan v. City of New York,
    88 A.D.2d 871 (1st Dept. 1982)...............................................................................4

Brown v. City of New York,
    264 A.D.2d 493 (2d Dept. 1999) ......................................................................... 3-4

Conley v. Gibson,
    355 U.S. 41 (1957)....................................................................................................3

Davis v. Goord,
    320 F.3d 346 (2d Cir. 2003).....................................................................................3

Pollock v. City of New York,
    145 A.D.2d 550 (2d Dept. 1988) .............................................................................4

Randolph v. City of New York,
    69 N.Y.2d 844 (1987) ..........................................................................................3, 4

Spiegler v. City of New York,
    99 A.D.2d 958 (1st Dept. 1984)...............................................................................4

Steginsky v. Xcelera Inc.,
    741 F.3d 365 (2d Cir. 2014).....................................................................................2

**Statutes**

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 2

N.Y.C. Health & Hosps. Corp. Act § 4...........................................................................3

N.Y.C. Health & Hosps. Corp. Act § 5...........................................................................3

N.Y.C. Health & Hosps. Corp. Act § 6...........................................................................3

## PRELIMINARY STATEMENT

Defendant City of New York ("City") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. The Amended Complaint must be dismissed because the City is not a proper party to this action, as Plaintiff's claims arise solely from treatment received at Bellevue Hospital, which is operated and controlled by the New York City Health and Hospitals Corporation ("HHC"), a public benefit corporation separate and distinct from the City.

## BACKGROUND[1]

Plaintiff filed an Amended Complaint in this action on September 25, 2024. (See Compl., annexed to Declaration of Joseph Zangrilli in Support of Defendant City of New York's Motion to Dismiss the Amended Complaint (hereinafter "Zangrilli Decl."), as "Exhibit A.") The Amended Complaint alleges claims arising from medical treatment Plaintiff received at Bellevue Hospital between November 1, 2023 and December 13, 2023. (Id. at ¶¶ 1–2). Plaintiff arrived at Bellevue Hospital from Rikers Island on November 1, 2023. (Id. at ¶ 3). Plaintiff was initially seen by Dr. Khan and two psychiatric staff members after being referred there due to concerns about his mental health treatment at Rikers Island. (Id. at ¶¶ 4–5).

On November 2, 2023, Plaintiff was seen by Dr. Aggawal, who informed him that he needed to resume taking medication before he could return to Rikers Island. (Id. at ¶ 8). When Plaintiff refused medication, Dr. Aggawal informed him that he would remain at Bellevue Hospital's 19 West ward. (Id. at ¶¶ 9–10). Subsequently, Plaintiff was evaluated by both Dr.

---

[1] As is required at this stage, the City accepts all facts asserted in the Amended Complaint as true for the purposes of this motion only.

Aggawal and Dr. Nur, who informed him that court proceedings would be initiated to obtain an order requiring him to take medication. (Id. at ¶¶ 11–12).

Plaintiff later received court papers indicating he would be mandated to take multiple medications, including Haldol, Zyprexa, and Abilify. (Id. at ¶ 15). After reviewing the medications' side effects, Plaintiff agreed to take Abilify and ultimately received a 1,064 milligram injection before being returned to Rikers Island on December 13, 2023. (Id. at ¶¶ 20–30). As a result of the treatment, Plaintiff asserts he experienced adverse side effects including weight gain, unusual sexual urges, and uncontrollable twitching. (Id. at ¶ 31).

All of the conduct alleged in the Amended Complaint occurred at Bellevue Hospital, a facility operated by the New York City Health and Hospitals Corporation ("HHC"). The Amended Complaint contains no allegations of any direct involvement by the City of New York in Plaintiff's medical care or treatment decisions..

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor, Steginsky v. Xcelera Inc., 741 F.3d 365, 368 (2d Cir. 2014), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Moreover, while courts must construe *pro se* pleadings liberally and interpret them to raise the strongest arguments they suggest, even in a *pro se* case, "dismissal is

nevertheless appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## ARGUMENT

### THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE HHC IS THE PROPER DEFENDANT FOR CLAIMS ARISING FROM TREATMENT AT BELLEVUE HOSPITAL

Plaintiff's claims against the City must be dismissed because they arise entirely from medical treatment at Bellevue Hospital, which is operated and controlled by HHC, not the City. The New York City Health and Hospitals Corporation Act establishes HHC as a public benefit corporation that is separate and distinct from the City, with exclusive responsibility for the operation and control of municipal hospitals. See N.Y.C. Health & Hosps. Corp. Act §§ 4 (establishing HHC as a body corporate and politic constituting a public benefit corporation); 5 (empowering HHC to sue and be sued in its own name); 6 (transferring to HHC the operation, management, and control of all City hospitals).

The New York Court of Appeals has definitively held that HHC's separate status bars claims against the City for conduct occurring at municipal hospitals. In Randolph v. City of New York, the Court of Appeals affirmed dismissal of claims against the City arising from treatment at an HHC facility, holding that the City "is an entity separate and distinct from the New York City Health and Hospitals Corporation . . . and Plaintiff failed to demonstrate at trial any factual predicate for imposing liability on the City." 69 N.Y.2d 844, 847 (1987) (citing Brennan v City of New York, 59 N.Y.2d 791 (1983)).

Courts consistently apply this principle to dismiss claims against the City where the allegations stem from medical treatment at HHC facilities. In Brown v. City of New York,

the court upheld dismissal of medical malpractice claims against the City, plainly stating that "the New York City Health and Hospitals Corporation, not the City of New York, is the proper defendant" in such cases. 264 A.D.2d 493 (2d Dept. 1999).

Similarly, in Pollock v. City of New York, the court dismissed claims against the City where the alleged malpractice occurred at an HHC facility because the City "did not control or operate the hospital in which the malpractice was alleged to have occurred." 145 A.D.2d 550 (2d Dept. 1988). This principle has been consistently reaffirmed. See Spiegler v. City of New York, 99 A.D.2d 958 (1st Dept. 1984) (dismissing claims against City where HHC "controlled and operated hospital where alleged malpractice took place"); Binyard v. City of New York, 151 A.D.2d 712 (2d Dept. 1989) (same); Brennan v. City of New York, 88 A.D.2d 871 (1st Dept. 1982) (same) (superseded on other grounds).

Here, every allegation in the Amended Complaint concerns treatment Plaintiff received at Bellevue Hospital between November 1, 2023, and December 13, 2023. The Amended Complaint details interactions with Bellevue Hospital staff, decisions about medication, and treatment protocols—all matters exclusively within HHC's control. The City exercises no control over hospital operations nor medical treatment decisions. Indeed, the Amended Complaint fails to allege any involvement by the City whatsoever in Plaintiff's care.

As in Randolph, Brown, and the numerous cases cited above, the absence of any factual predicate for City liability requires dismissal. The law is clear that HHC, not the City, is the only proper defendant for claims arising from treatment at Bellevue Hospital. Accordingly, the claims against the City must be dismissed.

## CONCLUSION

For the reasons set forth herein, defendant City of New York respectfully requests that the Court grant its motion to dismiss all claims against the City in the Amended Complaint, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, NY
December 30, 2024

        MURIEL GOODE-TRUFANT
        Corporation Counsel of the City of New York
        *Attorney for Defendant City*
        100 Church Street
        New York, New York 10007
        (212) 356-2657

        By: */s/ Joseph Zangrilli*
           Joseph Zangrilli
           *Senior Counsel*
           Special Federal Litigation

Cc:   **VIA FIRST-CLASS MAIL**
     Ricco D. Slade
     24B2450
     Auburn Correctional Facility
     P.O. Box 618
     Auburn, NY 13024
     *Plaintiff Pro Se*

     **VIA ECF**
     Gregory John Radomisli
     Martin Clearwater & Bell LLP (NYC)
     220 East 42nd Street
     13th Floor
     New York, NY 10017
     (212) 916-0923
     Fax: (212)-949-7054
     Email: radomg@mcblaw.com
     *Attorney for Codefendant Aggawal*