```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
RICCO D. SLADE,                                                         :
                                                                        :
                              Plaintiff,                                :
                                                                        :       24-CV-514 (JMF)
               -v-                                                      :
                                                                        :       MEMORANDUM OPINION
CITY OF NEW YORK, et al.,                                               :            AND ORDER
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Ricco Devon Slade, a state prisoner who is proceeding here without counsel, alleges that his federal constitutional rights were violated because Defendant Dr. Raina Aggarwal forced him to take psychiatric medication against his will. *See* ECF No. 7 ("Am. Compl."). Initially held at the Rikers Island Correctional Facility, Slade was temporarily transferred to Bellevue Hospital's Prison Ward due to concerns for his well-being. *Id.* at 4.[1] While Slade was at Bellevue, he was evaluated by Dr. Aggarwal, who determined that he needed to resume taking medication before he could return to Rikers Island. *Id.* When Slade refused, Dr. Aggarwal began, or at least threatened to begin, court proceedings to obtain an order compelling him to comply, but Slade ultimately agreed to take the medication rather than litigate the matter in court. *Id.* at 7-8. Slade further alleges that the dosage of the medication was later increased without his consent. *Id.* He brings this suit against Dr. Aggarwal as well as the City of New York (the "City") and the New York City Health and Hospitals Corporation ("HHC"), pursuant to 42 U.S.C. § 1983, alleging violation of his right to due process under the Fourteenth

---

[1]     References to page numbers in ECF No. 7 are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

Amendment of the U.S. Constitution.  Now pending are two motions, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Slade's Complaint, one filed by the City, ECF No. 20, and another by Dr. Aggarwal and HHC, ECF No. 27.  For the following reasons, the Court GRANTS both motions to dismiss and dismisses Slade's Complaint.

When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  To avoid dismissal, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Where, as here, a plaintiff proceeds *pro se*, the Court must afford special solicitude to the litigant's filings, including "liberal construction of pleadings, motion papers, and appellate briefs," as well as "relaxation of the limitations on the amendment of pleadings." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).  Nevertheless, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Bodley v. Clark*, No. 11-CV-8955 (KBF), 2012 WL 3042175, at *2 (S.D.N.Y. July 23, 2012).

Measured against these standards, Slade's claims fail as a matter of law.  As to the City, Slade's allegations relate solely to his treatment at Bellevue Hospital, which is "an entity separate and distinct" from the City.  *Randolph v. City of New York*, 69 N.Y.2d 844, 847 (1987); *see* N.Y. Unconsol. Laws §§ 7381 *et seq.*; *cf. Massiah v. MetroPlus Health Plan, Inc.*, 856 F.

Supp. 2d 494, 496-500 (E.D.N.Y. 2012) (holding that HHC is distinct from New York and should not be treated as a political subdivision for purposes of wage-and-hour laws). Nor does Slade allege that the conduct of HHC was "fairly attributable" to the City. *Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d 255, 257-58 (2d Cir. 2008). Meanwhile, HHC does not qualify as "a 'person' for purposes of" Section 1983, *Schoolcraft v. City of New York*, 103 F. Supp. 3d 465, 531 (S.D.N.Y. 2015) (citing *Kearse v. Lincoln Hosp.*, No. 07-CV-4730 (PAC) (JCF), 2009 WL 1706554, at *2 (S.D.N.Y. June 17, 2009)), and there is no *respondeat superior* liability for Section 1983 claims, *see, e.g.*, *Ashcroft*, 556 U.S. at 676; *Hernandez v. Keane*, 341 F.3d 137, 144-45 (2d Cir. 2003). Finally, to the extent that Slade seeks to raise a municipal liability claim, he fails because, among other things, he does not allege a policy or custom promulgated by the City (or HHC) that led to the alleged violation of his rights. *See, e.g.*, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978).

That leaves only Slade's claims against Dr. Aggarwal. But they fail as well because, as Slade himself concedes, he ultimately consented to take the prescribed medication. As the Complaint alleges, Slade eventually told Dr. Aggarwal that he "was considering taking medication so that [he] wouldn't have to go along with the court proceedings." Am. Compl. 7. After reviewing the side effects of ten possible drugs Dr. Aggarwal considered prescribing, and consulting a lawyer who was appointed to represent him in connection with the matter, Slade "informed Dr. Agga[r]wal that [he] would take the lowest dosage" of Abilify. *Id.* at 6-7. In other words, Slade ultimately agreed to take the medication as prescribed; indeed, he personally chose the exact medication that he claims was forced upon him. It follows that Slade cannot maintain his claim of forced medication. *See Ramos v. United States Bureau of Prisons*, No. 21-CV-1050 (LTS), 2021 WL 3173448 at *4 (S.D.N.Y. July 26, 2021) (stating that a plaintiff must

allege facts showing a refusal of medication to maintain a forced medication claim). Furthermore, Slade fails to allege facts indicating that he openly objected to the increase in dosage. To the contrary, he admits that he "was so desperate to get back to Rikers" that he "went along with it. . . . By that time it didn't even matter to [him]." Am. Compl. 7-8. In short, Slade's own allegations defeat the claim that he was forced against his will to take medication in violation of the Due Process Clause.

For the foregoing reasons, Slade fails to plead any claim "that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, Defendants' motions to dismiss must be and are GRANTED. Further, the Court declines to *sua sponte* grant Slade leave to amend. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), "it is within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Here, the defects in Slade's claims are substantive (and based on his own allegations), so amendment would be futile. *See, e.g.*, *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (collecting cases). Moreover, the Court already granted Slade leave to amend, *see* ECF Nos. 24, 32, and he has neither sought leave to amend again nor suggested that he possesses any additional facts that could cure the defects in his dismissed claims. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019). Finally, the Court expressly warned Price that he would "not be given any further opportunity to amend the complaint to address issues raised by

4

the motion to dismiss." ECF No. 32; *see* ECF No. 24; *see also, e.g.*, *Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.").

**The Clerk of Court is directed to terminate ECF Nos. 20 and 27, to enter judgment in favor of Defendants, to mail a copy of this Memorandum Opinion and Order to Slade, and to close the case.** Further, the Court certifies, pursuant to 18 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 18, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge